FILED

2026 SEP -2 P 1:26

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| Michael Shallal, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No.** 1:26cv2896 (RDA/WBP) |
| | ) |
| Arlington County, Virginia; | ) |
| Corporal Jonathan Burgess, in his individual capacity; | ) |
| Officer Mackenzie Rahaim, in her individual capacity; | ) |
| Defendants. | ) |

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

## I. PARTIES

1. Plaintiff Michael Shallal is a resident of the Commonwealth of Virginia. His mailing address and contact information are:

Michael Shallal
1501 Lincoln Circle, Apt. 304
McLean, Virginia 22102
Telephone: 586-648-1711
Email: shallal.us@hotmail.com

2. Defendant Arlington County, Virginia, is a political subdivision of the Commonwealth of Virginia and, at all relevant times, was responsible for the policies, customs, practices, training, supervision, and discipline of officers employed by the Arlington County Police Department.

3. Defendant Corporal Jonathan Burgess was, at all relevant times, a sworn law enforcement officer employed by the Arlington County Police Department, acting under color of the laws, customs, and authority of the Commonwealth of Virginia and Arlington County. He is sued in his individual capacity.

4. Defendant Officer Mackenzie Rahaim was, at all relevant times, a sworn law enforcement officer employed by the Arlington County Police Department, acting under color of the laws, customs, and authority of the Commonwealth of Virginia and Arlington County. She is sued in her individual capacity.

5. The individual defendants are identified by their official names and positions based upon information provided by the Arlington County Police Department Office of Professional Responsibility in response to Plaintiff's administrative complaint concerning the October 28, 2024 incident. Plaintiff will complete service of process upon each Defendant in accordance with the Federal Rules of Civil Procedure and applicable Virginia law.

## II. JURISDICTION AND VENUE

6. This action arises under 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution.

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in Arlington County, Virginia.

## III. FACTUAL ALLEGATIONS

### A. Plaintiff Called Police for Assistance

9. On October 28, 2024, Plaintiff was inside a publicly accessible parking structure in Arlington County.

10. A private individual accused Plaintiff of damaging her vehicle.

11. Plaintiff denied causing any damage.

12. Plaintiff provided his insurance information.
13. The accuser photographed Plaintiff's license plate and insurance card.
14. The accuser positioned her vehicle in a manner that blocked Plaintiff from leaving.
15. The accuser insisted Plaintiff give her money or something of value in order for her to move.
16. The accuser refused to call the police herself.
17. Plaintiff called the police requesting assistance so he could leave.
18. Prior to the arrival of officers, Plaintiff contacted the Arlington County Emergency Communications Center on multiple occasions seeking guidance regarding the situation. Plaintiff described a minor alleged contact between vehicles and asked what the appropriate protocol was, including whether he was obligated to provide insurance information to the other party. Dispatch consistently classified the matter as a non-emergency issue and advised Plaintiff to document the vehicles, exchange insurance information, and report the matter to his insurance company. Dispatch further advised that police intervention was not required and that, after exchanging insurance information, Plaintiff could leave the scene. At no point did dispatch indicate that any criminal conduct had occurred or that Plaintiff was required to remain on scene beyond completing the exchange of information. **(Ex. B)**
19. During subsequent communications with the Arlington County Emergency Communications Center, Plaintiff reported that the other individual continued to demand additional personal information, including his phone number and a copy of his driver's license, despite having already received his insurance information. Plaintiff further reported that the individual refused to leave the scene and that he had remained there for an extended period of time attempting to resolve the situation. Plaintiff expressed that he did not feel comfortable leaving because the individual could falsely report the incident as a hit-and-run, and that, under those circumstances, he believed he could not safely depart without risking legal consequences.
20. Contemporaneous dispatch records generated by the Arlington County Police Department further corroborate portions of Plaintiff's account of the incident. The records describe the event as a 'dispute in progress' and note that a female individual approached Plaintiff's vehicle and claimed that he had struck her car. The records further state that

Plaintiff attempted to resolve the matter by offering to exchange insurance information, but that the individual refused and remained at the scene "blocking [the reporting party] from leaving." The records also reflect that Plaintiff requested police assistance in order to resolve the situation. **(Ex. A)**

**B. Officers Arrived and Immediately Demanded Information**

21. At approximately 5:45 p.m., Corporal Burgess and Officer Rahaim approached on foot.
22. The officers first obtained the accuser's version of events.
23. The officers did not ask Plaintiff for his version of events before demanding identification and additional personal information.
24. Corporal Burgess then demanded Plaintiff's driver's license, insurance card, and phone number.
25. Corporal Burgess stated that if Plaintiff wanted to "go home," he would need to provide the requested information.
26. Plaintiff explained he had been told by dispatch that he was not required to provide his driver's license or phone number to the accuser.
27. Plaintiff stated he did not feel safe disclosing additional personal information.
28. Corporal Burgess responded, "We are the police."

**C. Command to Exit and Show of Authority**

29. Corporal Burgess ordered Plaintiff to step out of his vehicle.
30. Officer Rahaim simultaneously placed her hand on her holstered firearm.
31. Plaintiff reasonably understood he was required to comply.
32. Plaintiff exited the vehicle.
33. The officers retained Plaintiff's driver's license.
34. The officers positioned themselves in front of and beside Plaintiff's vehicle, preventing departure.
35. Plaintiff was not told he was free to leave.

**D. Officers Determined No Accident Occurred**

36. Corporal Burgess inspected both vehicles.

37. Corporal Burgess stated he observed no visible damage.
38. Corporal Burgess stated the matter did not constitute an accident.
39. The officers refused to generate an accident report.
40. No citation was issued.
41. No arrest was made.
42. No criminal charge was pursued.
43. At that point, the officers had determined that no accident had occurred and had not identified any basis for criminal enforcement action.
44. Despite this determination, the officers continued restricting Plaintiff's ability to leave the scene.

**E. Continued Detention After Investigative Purpose Ended**

45. Despite determining no accident occurred, the officers continued retaining Plaintiff's identification.
46. The officers maintained physical positioning that prevented Plaintiff from leaving.
47. Plaintiff was not permitted to depart until approximately 6:30 p.m.
48. Plaintiff remained detained after the officers had concluded the investigative purpose of the encounter and was not permitted to depart until approximately 6:30 p.m.
49. At no time after determining no accident occurred did the officers articulate reasonable suspicion of criminal activity.
50. Plaintiff's voluntary request for police assistance further diminished any objective basis to suspect criminal conduct once the officers determined that no accident had occurred.
51. Plaintiff's prior communications with dispatch, documented in Emergency Communications Center records, were consistent with a request for assistance and inconsistent with any inference of criminal conduct.

**F. Warrantless Seizure and Access of Plaintiff's Cellular Phone**

52. During the encounter, Plaintiff used his cellular phone to record police activity.
53. Plaintiff's phone was configured to automatically lock after approximately five seconds.
54. Corporal Burgess took physical possession of Plaintiff's phone without consent.

55. Plaintiff did not voluntarily consent to access of the phone's contents, but complied only after Corporal Burgess had already taken physical possession of the device.

56. Because the device auto-locks, Plaintiff was required to unlock the phone before Corporal Burgess could access its contents.

57. The phone remained unlocked while in Corporal Burgess's possession.

58. Plaintiff stood several feet away and could not observe which specific applications or functions were accessed.

59. While holding the unlocked device, Corporal Burgess viewed digital information displayed on the phone and read Plaintiff's personal identifying information aloud to the accuser.

60. The information read aloud was not visible from outside the device and could only be obtained by viewing the unlocked screen.

61. Corporal Burgess compelled Plaintiff to spell his full name and disclose his personal phone number.

62. At the time of the incident, Arlington County Police Department Directive 536.06 required searches and seizures to be conducted in accordance with the Fourth Amendment, applicable state law, and relevant case law, and required a search or seizure to be based on specific, articulable facts establishing criminal behavior. (Ex. C)

63. Arlington County Police Department Directive 574.02 further recognized that citizens have a First Amendment right to record police officers performing their duties in public and expressly prohibited officers from searching or seizing recording devices without consent or a warrant. **(Ex. E)**

64. Arlington County Police Department Directive 563.01 further provided that only department employees trained in the proper handling and collection of cellular phones and other digital devices shall examine such devices for evidence, and that submissions for digital forensic examination include, as applicable, a search warrant, consent form, or court order. **(Ex. D)**

65. These written directives are relevant to the reasonableness of the officers' conduct and to their notice of departmental restrictions governing searches, seizures, recording devices, and digital evidence.

66. Plaintiff did not consent to the access or disclosure of information from his device.

67. No warrant authorized seizure or access to the phone.

68. No exigent circumstances existed.

**G. Clearly Established Law**

69. At the time of the incident, it was clearly established that:

  a. An investigative detention must end once reasonable suspicion dissipates;

  b. Digital contents of a cellular phone generally may not be searched without a warrant absent a recognized exception to the warrant requirement. See Riley v. California, 573 U.S. 373 (2014);

  c. Recording police officers in the public discharge of their official duties constitutes activity protected by the First Amendment, subject to lawful restrictions. See Sharpe v. Winterville Police Department, 59 F.4th 674 (4th Cir. 2023).

**H. Post-Incident Efforts to Obtain Documentation**

70. Following the October 28, 2024, incident, Plaintiff made multiple efforts to obtain documentation of the encounter.

71. Plaintiff submitted a complaint to the Arlington County Police Department Office of Professional Responsibility ("OPR") on November 18, 2024.

72. Plaintiff received a reference number associated with that submission.

73. Plaintiff later visited the Arlington County Police Department Records Office to request documentation related to the encounter.

74. Plaintiff was informed that no police incident report documenting the officers' encounter could be located in the Records Office system.

75. Plaintiff was advised that further information could only be requested through the Virginia Freedom of Information Act process.

76. Plaintiff includes these allegations to explain the absence of a contemporaneous incident report.

77. Plaintiff submitted requests under the Virginia Freedom of Information Act seeking records relating to the officers involved, including training and policy materials. In response, the County produced certain policy materials, asserted exemptions as to other

categories of records, and directed Plaintiff to additional publicly available materials. **(Ex. C–G)**

78. These efforts demonstrate that additional records relating to the incident remain in the possession, custody, or control of Defendants and are appropriately the subject of discovery.

79. Following subsequent Virginia Freedom of Information Act requests, Arlington County Police Department identified twenty-eight (28) responsive records relating to the incident but withheld those records pursuant to Va. Code § 2.2-3706(B)(9) and Va. Code § 2.2-3705.1(1), asserting that the records were exempt from disclosure.

## IV. CLAIMS FOR RELIEF

### COUNT I

**Fourth Amendment – Unlawful Continued Seizure**

**Against Corporal Jonathan Burgess and Officer Mackenzie Rahaim**

80. Plaintiff incorporates all preceding paragraphs.

81. The officers' retention of Plaintiff's identification, command that Plaintiff exit his vehicle, show of authority, physical positioning preventing departure, and failure to advise Plaintiff that he was free to leave, considered together, constituted a seizure under the Fourth Amendment.

82. Continued detention after the officers determined that no accident had occurred and identified no basis for criminal enforcement action lacked reasonable suspicion.

83. Under these circumstances, no objectively reasonable officer could conclude that continued detention was supported by reasonable suspicion of criminal activity.

84. A reasonable officer would have understood that continuing to detain Plaintiff after determining no accident or criminal violation occurred violated the Fourth Amendment.

85. The continued seizure violated clearly established Fourth Amendment law.

### COUNT II

**Fourth Amendment – Warrantless Access to Digital Data**

**Against Corporal Jonathan Burgess**

86. Plaintiff incorporates all preceding paragraphs.

87. Corporal Burgess accessed digital information from the contents of Plaintiff's unlocked cellular phone without a warrant and without Plaintiff's consent.

88. Corporal Burgess read and communicated information obtained from the phone to a private citizen.

89. No exigent circumstances justified access.

90. At the time of the incident, it was clearly established that officers generally may not search the digital contents of a cellular phone without a warrant absent a recognized exception to the warrant requirement, such as valid consent or exigent circumstances. See Riley v. California, 573 U.S. 373 (2014).

91. A reasonable officer would have known that accessing and disclosing digital data from a cellular phone without a warrant violated the Fourth Amendment.

**COUNT III**

**First Amendment – Interference with Recording**

**Against Corporal Jonathan Burgess**

92. Plaintiff incorporates all preceding paragraphs.

93. Plaintiff was lawfully present in a publicly accessible parking structure.

94. Plaintiff attempted to record officers performing official duties.

95. Plaintiff was not interfering with police operations.

96. Corporal Burgess interfered with Plaintiff's attempt to record police activity by taking physical possession of Plaintiff's cellular phone without consent, warrant, or other lawful justification.

97. The interference violated clearly established First Amendment rights.

**COUNT IV**

**Municipal Liability – Limited Failure to Train**

**Against Arlington County, Virginia**

98. Plaintiff incorporates all preceding paragraphs.

99. The constitutional limitations governing warrantless access to digital data on cellular phones were clearly established at the time of the incident, and the need for officer training regarding those limitations was obvious.

100. Plaintiff pleads this claim in the alternative and seeks discovery concerning training, supervision, implementation of policy, and compliance with policies governing digital device access and citizen recording of police activity, particularly in light of unsuccessful pre-suit efforts to obtain such information.

101. The violations described herein occurred as a result of deficiencies in training, supervision, implementation of policy, or compliance with policies governing access to digital data and citizen recording of police activity, the precise nature of which remains within Defendants' possession and is appropriately the subject of discovery.

## V. JURY DEMAND

102. Plaintiff demands trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be determined at trial, including damages for loss of liberty, invasion of privacy, emotional distress, constitutional injuries, and all other damages proven at trial;
B. Award nominal damages for violation of constitutional rights;
C. Award punitive damages against the individual defendants for reckless or callous indifference to Plaintiff's constitutional rights;
D. Award Plaintiff taxable costs and expenses as permitted by law;
E. Award pre-judgment and post-judgment interest as permitted by law;
F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michael Shallal
Michael Shallal, Pro Se
1501 Lincoln Cir Apt 304
McLean, VA 22102
Phone: 586-648-1711
Email: shallal.us@hotmail.com
Date: 9/2/2026

**INDEX OF EXHIBITS:**

The following exhibits are incorporated by reference to the extent cited in this Complaint.

1. Exhibit A – Arlington County CAD Records
2. Exhibit B – Arlington County Emergency Communications Center Call Transcripts
3. Exhibit C – ACPD Directive 536.06 – Search and Seizure (2021)
4. Exhibit D – ACPD Directive 563.01 – Digital Forensics
5. Exhibit E – ACPD Directive 574.02 – Recording Devices
6. Exhibit F – ACPD Directive 517.08 – Digital Evidence Management System (2021)
7. Exhibit G – ACPD Directive 551.02 – Complaint Processing & Investigations

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria DIVISION**

Michael Shallal
**Plaintiff(s),**

**v.**

Arlington County, Virginia;
Jonathan Burgess;
Mackenzie Rahaim
**Defendant(s),**

**Civil Action Number:** ______________________

## LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared or assisted in the preparation of** Complaint for Violation of Civil Rights (42 U.S.C. § 1983).
**(Title of Document)**

Michael Shallal
Name of *Pro Se* Party (Print or Type)

______________________
Signature of *Pro Se* Party

Executed on: ________ ________(Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of** ______________________.
**(Title of Document)**

______________________
(Name of Attorney)

______________________
(Address of Attorney)

______________________
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

______________________
(Name of *Pro Se* Party (Print or Type)

______________________
Signature of *Pro Se* Party

Executed on: ______________________(Date)